1

STEVEN H. BERGMAN  (S.B. #180542)
RICHARDS BRANDT MILLER NELSON

2

299 So. Main Street, 15th Floor
Salt Lake City, Utah 84111

3

Telephone:   (801) 531-2000
Facsimile:   (801) 532-5506

4

steven-bergman@rbmn.com

5

*Attorneys for Defendants*
CIRTRAN BEVERAGE CORP.,

6

PLAYSAFE, LLC, IEHAB
HAWATMEH, PLAY BEVERAGES,

7

LLC, and CIRTRAN CORPORATION

8

## UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10

HELLADA, INC., a California
corporation; K&H

11

INTERNATIONAL, INC., a
California corporation,

12

Plaintiffs,

13

v.

14

CIRTRAN BEVERAGE CORP., a

15

Utah corporation; PLAYSAFE, LLC,
a Utah limited liability company;

16

IEHAB HAWATMEH, an
individual; PLAY BEVERAGES,

17

LLC, a Delaware limited liability
company; and CIRTRAN

18

CORPORATION, a Utah
corporation; and DOES 1 to 100,

19

inclusive,

20

Defendants.

Case No. 2:15-cv-06556-SJO-PJW

Assigned to Hon. S. James Otero

**DEFENDANTS' MOTION TO
DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT
THEREOF**

Date:    June 20, 2016
Time:    10:00 a.m.
Courtroom 1 – 2d Floor

Date Action Filed:  August 27, 2015

Trial Date:  TBD

21

22

23

24

25

26

27

28

**TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT on June 20, 2016 at 10:00 a.m., or as soon thereafter as this matter may be heard, before the Honorable Judge S. James Otero of the United States District Court for the Central District of California, located at 312 North Spring Street, Los Angeles, California 90012-4701, Defendants CirTran Beverage Corp. ("CBC"), PlaySafe, LLC ("PlaySafe"), Iehab Hawatmeh, Play Beverages, LLC ("Play Beverages"), and CirTran Corporation, a Utah corporation ("CirTran") (collectively referred to as "Defendants"), will and hereby do move the Court for an Order as follows:

1.    Dismissing this action for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, because there is not complete diversity of citizenship as Defendants PlaySafe, LLC and Play Beverages, LLC each have at least one member who is a citizen of the State of California, the place of incorporation of both Plaintiffs;

2.    Dismissing this action for improper venue, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, as each of the agreements referred to in and attached to the First Amended Complaint contain forum selection provisions which require all disputes arising from or related to the alleged agreements to be litigated in a court located in the State of Utah; and

3.    For such other relief as the Court deems to be just and proper.

This motion is brought following a good faith meet and confer effort initiated by counsel for the Defendants on or about April 7, 2016, pursuant to Local Rule 7-3.  *See* Declaration of Steven H. Bergman, ¶¶ 4-8 & Exs. 1-2.

This Motion to Dismiss is made based on this Notice of Motion and Motion and the accompanying Memorandum of Points and Authorities the Declarations of Steven H. Bergman, Iehab Hawatmeh and Fadi Nora filed concurrently herewith, the papers, pleadings, and records on file with the Court in this action, and such further and other matter as the Court deems appropriate.

Dated:  May 10, 2016      RICHARDS BRANDT MILLER NELSON


_____*s/ Steven H. Bergman*_____
Steven H. Bergman

*Attorneys for Defendants*
CIRTRAN BEVERAGE CORP.,
PLAYSAFE, LLC, IEHAB
HAWATMEH, PLAY BEVERAGES,
LLC, and CIRTRAN CORPORATION

2

# <u>Table of Contents</u>

<u>Page</u>

I.    Introduction ...................................................................................... 1

II.   Statement of Facts ............................................................................ 1

III.  Argument .......................................................................................... 4

      A. The Court Lacks Subject Matter Jurisdiction Over This Dispute. ............... 5

      B. This Court is an Improper Forum for This Dispute ...................................... 6

IV.  Conclusion ....................................................................................... 8

i

1

## Table of Authorities

Page

2

**Cases**

3

*Argueta v. Banco Mexicano*,
  87 F.3d 320 (9th Cir. 1996)........................................................................7

4

*Bremen v. Zapata Offshore Company*,
  407 U.S. 1 (1972)........................................................................................7

5

6

*Doe 1 v. AOL LLC*,
  552 F.3d 1077 (9th Cir. 2009)....................................................................6

7

*Johnson v. Columbia Properties Anchorage, LP*,
  437 F.3d 894 (9th Cir. 2006)...................................................................5, 6

8

9

*Klamath Water Users Protective Ass'n v. Patterson*,
  204 F.3d 1206 (9th Cir. 1999)....................................................................6

10

*Manetti-Farrow, Inc. v. Gucci Am., Inc.*,
  858 F.2d 509 (9th Cir. 1988)...................................................................6, 7

11

12

**Statutes**

13

28 U.S.C. § 1332...........................................................................................5, 6

14

28 U.S.C. § 1406...............................................................................................7

15

**Rules**

16

Fed. R. Civ. P. 12(b)(1) ....................................................................................5

17

Fed. R. Civ. P. 12(b)(3) ....................................................................................7

18

19

20

21

22

23

24

25

26

27

28

ii

### **Memorandum of Points and Authorities**

Pursuant to L.R. 7-5(a), Defendants respectfully submit this Memorandum of Points and Authorities in support of their Motion to Dismiss the First Amended Compaint for lack of subject matter jurisdiction and improper forum.

## I.    Introduction

The Court must dismiss Plaintiffs' First Amended Complaint because the Court lacks subject matter jurisdiction.  The only basis for jurisdiction in this Court that Plaintiffs alleged is diversity of citizenship.  Plaintiffs were incorporated under the laws of the State of California, and therefore a considered citizens of the State of California.  Similarly, two of the defendants – Play Beverages, LLC and PlaySafe, LLC – are considered citizens of the State of California.  A limited liability company is a citizen of every state of which its owners or members are citizens.  At least one member of both PlaySafe and Play Beverages is a citizen of the State of California.  Therefore, the parties lack diversity of citizenship and this Court lacks subject matter jurisdiction over this case.

In addition, the Court must dismiss Plaintiffs' First Amended Complaint because they filed it in an improper forum.  Each of the four agreements on which Plaintiffs' claims are based contain a forum selection clause mandating that any dispute arising from the agreements must be litigated in court located in the State of Utah.  Because the forum selection clauses are clear, valid, and enforceable, the Court must dismiss the action.

## II.    STATEMENT OF FACTS

1.    In or around November 2006, Playboy International Enterprises, Inc. and Defendant Play Beverage entered into a License Agreement for the use of Playboy trademarks on energy drinks in various territories.  (*See* First Am. Compl. ("FAC") ¶ 12.)

1

2.      Play Beverages subsequently appointed Defendant CirTran Beverage Corp. ("CBC") as its worldwide manufacturer and distributor. (*See* FAC ¶ 13.)

3.      On or about September 9, 2009, Plaintiff Hellada, Inc. ("Hellada") alleges that it entered into an International Distribution Agreement with CBC (the "2009 Hellada Agreement"). (*See* FAC ¶ 13 & Ex. 1.)

4.      Paragraph 10.9 of 2009 Hellada Agreement that agreement reads in part:

> All disputes and matters arising under, out of, in connection with or relating to this Agreement shall be brought only in a court of competent jurisdiction in the State of Utah and the parties submit to the exclusive jurisdiction of such courts.

(FAC, Ex. 1 at 13-14.)

5.      Genrik Azaryan, who signed the 2009 Hellada Agreement on behalf of Hellada, initialed each page of the agreement, including the page with the above-mentioned forum selection clause. (*See* FAC ¶ 14 & Ex. 1.)

6.      On or about September 9, 2009, Plaintiff K&H International, Inc. ("K&H") and CBC entered into an International Distribution Agreement (the "2009 K&H Agreement"). (*See* FAC ¶ 14 & Ex. 2.)

7.      Paragraph 10.9 of the 2009 K&H Agreement reads in part:

> All disputes and matters arising under, out of, in connection with or relating to this Agreement shall be brought only in a court of competent jurisdiction in the State of Utah and the parties submit to the exclusive jurisdiction of such courts.

(FAC, Ex. 2 at 13-14.)

8.      Karen Abramian, who signed the 2009 K&H Agreement on behalf of K&H, initialed each page of the agreement, including the page with the above-mentioned forum selection clause. (*See id.*)

2

9.     On or about May 17, 2010, K&H and Defendant PlaySafe, LLC, entered into a Distribution Agreement (the "2010 PlaySafe Agreement").  (*See* FAC Ex. 4; *see also* Declaration of Iehab Hawatmeh ("Hawatmeh Dec.") ¶ 4 & Ex. 1 (signed copy of 2010 PlaySafe Agreement).)

10.     Paragraph 25(e) of the 2010 PlaySafe Agreement reads in part:

> All disputes and matters arising under, out of, in connection with or relating to this Agreement shall be brought only in a court of competent jurisdiction in the State of Utah and the parties hereby consent and submit to the exclusive personal jurisdiction and venue of such courts, except that in the Company's discretion, it may elect to bring an action against Distributor in a court of competent jurisdiction where Distributor has its primary place of business.

(Hawatmeh Dec., Ex. 1; FAC, Ex. 4.)  The 2010 PlaySafe Agreement defines "Company" as PlaySafe and "Distributor" as K&H.  (Hawatmeh Dec., Ex. 1 at 1.)

11.     On or about July 16, 2010, K&H entered into another International Distribution Agreement with CBC (the "2010 K&H Agreement"). (*See* FAC, ¶ 15 & Ex. 3.)  Paragraph 9.9 of that agreement reads in part:

> All disputes and matters arising under, out of, in connection with or relating to this Agreement shall be brought only in a court of competent jurisdiction in the State of Utah and the parties submit to the exclusive jurisdiction of such courts.

(FAC, Ex. 3 at 12.)

12.     Plaintiffs allege that PlaySafe is a Utah corporation with its principal place of business in the State of Utah.  (*See* FAC ¶ 4.)  In fact, as Plaintiffs state in their caption, PlaySafe is a limited liability company.  (*See* Hawatmeh Dec. ¶ 5 & Ex. 2.)

3

13.     Defendant Iehab Hawatmeh is a manager of PlaySafe.  (*See* Hawatmeh Dec. ¶ 6; *see also* FAC ¶ 5.)

14.     Plaintiffs alleged that Play Beverages is a Utah corporation with its principal place of business in Utah.  In fact, as Plaintiffs state in the caption, Play Beverages is a limited liability company.  (*See* Hawatmeh Dec. ¶ 8 & Ex. 3.)

15.     Defendant Hawatmeh is a manager of Play Beverages.  (See Hawatmeh Dec. ¶ 9; *see also* FAC ¶ 5.)

16.     Fadi Nora is a member of both Defendant PlaySafe and Defendant Play Beverages. (*See* Hawatmeh Dec. ¶¶ 6, 9; Declaration of Fadi Nora ("Nora Dec.") ¶¶ 6-7.)

17.     Mr. Nora currently resides in, and since 1982 has resided in, Irvine, California.  (*See* Nora Dec. ¶¶ 4-5.)

**III.   ARGUMENT**

This Court should dismiss Plaintiffs' First Amended Complaint for lack of subject matter jurisdiction because diversity jurisdiction does not exist. Defendants PlaySafe, LLC and Play Beverages, LLC, as limited liability companies, are deemed to be citizens of each state in which one their members resides.  Both companies have at least one member who is a citizens of California, making both companies citizens of California.  Both Plaintiffs were organized under the laws of the State of California.  Therefore, this dispute is not between parties who are citizens of different states.

The Court can and should also dismiss this action for improper venue. Plaintiffs attached four agreements to the First Amended Complaint.  Each of those agreements contain a forum selection clause stating that all disputes arising under, out of, in connection with or relating to each agreement shall be brought only in a court of competent jurisdiction in the State of Utah.  (*See* FAC, Ex. 1 at 13-14, Ex. 2 at 13-14, Ex. 3 at 12, Ex. 4 at ¶ 25(e).)  Because Plaintiffs' claims all arise out of or are related to the agreements that Plaintiffs attached to the FAC, the forum

4

selection clauses are triggered.  Accordingly, this action should have been filed in a court in the State of Utah.

### A.     The Court Lacks Subject Matter Jurisdiction Over This Dispute.

Plaintiffs allege that this Court has diversity jurisdiction pursuant to 28 U.S.C. §1331(a)(2).  (*See* FAC ¶ 10.)  Plaintiffs are wrong, however, because there is not complete diversity.  Plaintiffs were organized under the laws of the State of California.  (*See* FAC ¶¶ 1-2.)  Similarly, two defendants, PlaySafe and Play Beverages, have at least one member who is a citizen of California (*see* Nora Dec. ¶¶ 4-5), thereby rendering both defendants citizens of the State of California for purposes of determining diversity of citizenship.  Therefore, the Court must dismiss this action for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1).

Federal courts are courts of limited jurisdiction.  *See Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).  A review of the federal court's jurisdiction is a threshold question which must be answered prior to the disposition of each case before it.  *See id.*  The federal court's basic diversity jurisdiction extends to "all civil actions where the matter in controversy exceeds ... $75,000 ... and is between ... [c]itizens of different States."  28 U.S.C. § 1332(a)(1).  In cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity.  *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  For purposes of diversity jurisdiction, a limited liability corporation is a citizen of every state of which its owners or members are citizens.  *See id.*

Plaintiff Hellada alleges that it is a California corporation with its principal place of business located in Los Angeles County.  (*See* FAC ¶ 1; *see also* FAC, Ex. 1 at 1.)  Plaintiff K&H also alleges that it is a California corporation with its principal place of business located in Los Angeles County.  (*See* FAC ¶ 2; *see also* FAC, Ex. 2 at 1, Ex. 3 at 1, Ex. 4 at 1.)  Plaintiffs allege that diversity jurisdiction exists because Defendants are "organized and transact business under

5

the laws of the state of Utah.  (*See* FAC ¶ 10.)  However, for purposes of determining the citizenship of Defendants Play Beverages and PlaySafe, the Court must also consider the citizenship of the members of Play Beverages and PlaySafe. *See Johnson*, 437 F.3d at 899.  As noted above, Fadi Nora, who is a citizen of the State of California, is a member of both PlaySafe and Play Beverages.  (*See* Nora Dec. ¶¶ 4-5.)  Therefore, both PlaySafe and Play Beverages are citizens of California for purposes of diversity jurisdiction.  *See Johnson*, 437 F.3d at 899.  As a result, this controversy is not between citizens of different states, and this Court lacks diversity jurisdiction.  *See* 28 U.S.C. §1332(a)(1).  The Court should dismiss the First Amended Complaint for lack of subject matter jurisdiction.

## B.   This Court is an Improper Forum for This Dispute

This Court can and should also dismiss this action because venue in the Central District of California is improper.  Each of the agreements that Plaintiffs have alleged are at issue in this action contain forum selection clauses that provide for exclusive jurisdiction in courts in the State of Utah for any disputes arising out of or related to the agreements.  Federal law applies to the interpretation of a forum selection clause.  *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988).  When interpreting a contract under federal law, the courts are guided by the general principles for interpreting contracts.  *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009) (citing *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999).  "Contract terms are to be given their ordinary meaning, and when the terms of a contract are clear, the intent of the parties must be ascertained from the contract itself. Whenever possible, the plain language of the contract should be considered first." *Id.* (internal citation omitted).

First, each of the forum selection clauses in the four agreements at issue apply to this dispute.  Each of the clauses state that any dispute or matter "arising under, out of, in connection with or relating to" the agreements shall be brought in Utah state court. (*See* FAC, Ex. 1 at 13-14 (¶10.9), Ex. 2 at 13-14 (¶

6

10.9), Ex. 3 at 12 (¶9.9), Ex. 4 at ¶ 25(e).)  Thus, Hellada and K&H agreed to submit disputes regarding the agreements to the exclusive jurisdiction of courts in the State of Utah state court.  (*See id*.)  Plaintiffs' First Amended Complaint alleges that Defendants breached the parties' agreements and the implied covenant of good faith and fair dealing inherent in each agreement.  (*See* FAC ¶¶ 11-61.)  Plaintiffs also demand an accounting of alleged transactions made pursuant to the parties' agreements.  (*See id.* ¶¶62-69.)  Therefore, each of Plaintiffs' claims arise under or are related to the agreements containing the forum selection clauses naming Utah as the exclusive forum for any lawsuit initiated by Plaintiffs.

Second, these forum selection clauses are valid and enforceable.  The Ninth Circuit recognizes that "[f]orum selection clauses are prima facie valid, and are enforceable absent a strong showing by the party opposing the clause 'that enforcement would be unreasonable or unjust, or that the clause [is] invalid for such reasons as fraud or overreaching.'"  *Manetti-Farrow,* 858 F.2d at 514 (quoting *Bremen v. Zapata Offshore Company*, 407 U.S. 1 (1972)).  To avoid the forum selection provisions in each of the agreements alleged to be at issue by Plaintiffs, Hellada and K&H must demonstrate that "trial in the contractual forum would be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court."  *Id.*  If the Court determines that venue is improper, it must "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  *See* 28 U.S.C. § 1406(a).[1]

Plaintiffs cannot meet the high burden of demonstrating that a trial in Utah would be so gravely difficult and inconvenient as to deprive them of their day in court.  Plaintiffs were capable of negotiating four contracts over several years

---

[1]      A motion to dismiss for improper venue is governed by Rule 12(b)(3) of the Federal Rules of Civil Procedure and the Court may consider facts outside the pleadings in analyzing this issue.  *Argueta v. Banco Mexicano*, 87 F.3d 320 (9th Cir. 1996).

7

with companies based in Utah.  The signatories for Hellada and K&H initialed the pages containing the forum selection clauses in the original agreements, indicating that the signatories had reviewed that specific page.  Therefore, they were aware that any claim arising out of their agreement would have to be brought in a court in the State of Utah, and they consented to a Utah forum.  Nothing in Plaintiffs FAC suggests that Plaintiffs would be incapable of pursuing their claims in a court in the State of Utah.  Therefore, if this Court concludes that it has subject matter jurisdiction, this Court should still find that the forum selection clauses in each of the agreements alleged to be at issue to be valid and enforceable and should dismiss this action or order it transferred to the United States District Court for the District of Utah.

## IV.    CONCLUSION

For the foregoing reasons, this Court should dismiss Plaintfifs' First Amended Complaint.  As noted above, this Court lacks subject matter jurisdiction, as Plaintiffs have only alleged federal jurisdiction based on diversity of citizenship.  Yet, there is not complete diversity.  Moreover, in each of the agreements allegedly at issue, Plaintiffs agreed that courts in the State of Utah had exclusive jurisdiction over any disputes arising out of or related to the agreements.  Because Plaintiffs are alleging claims arising out of related to the agreements, this Court should enforce the forum selection clauses in each agreement and dismiss the First Amended Complaint for improper venue.

Dated:  May 10, 2016        RICHARDS BRANDT MILLER NELSON

_s/ Steven H. Bergman_
Steven H. Bergman

*Attorneys for Defendants*
CIRTRAN BEVERAGE CORP.,
PLAYSAFE, LLC, IEHAB
HAWATMEH, PLAY BEVERAGES, LLC,
and CIRTRAN CORPORATION

8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on counsel of record via ECF Notice of Electronic Filing in accordance with the Federal Rules of Civil Procedure and Local Rule 5-3.3.

                    _/s/ LaDonna A. Whelchel_
                    LaDonna A. Whelchel

G:\EDSI\DOCS\18941\0033\13V2025.DOC

i